GEORGE CURYEA

*v.*

THOMAS BEVERIDGE *et al.*

1. PARTNERSHIP—*right to an accounting.* A bill by a partner filed before the end of the term the partnership was to run, alleged violations of the partnership contract, and asked for the dissolution of the partnership, and that an account be taken. During the pendency of the suit the term of the partnership expired. A supplemental bill was filed by leave, stating this fact, and charging a misappropriation of the partnership assets by the defendants, and asking for an accounting between the partners. Answers were filed to both bills, and replication thereto, and proofs were taken and the cause referred to a master, who made a report showing there was due to the complainant from one of the other partners several thousand dollars, and considerable amounts due

the firm. The court on the hearing, without any exception having been taken to the report, dismissed the bills: *Held*, that the complainant was entitled to a decree settling the accounts and providing for the disposition of the effects of the firm, and that the court erred in dismissing the bills.

2. CHANCERY PRACTICE—*master's report.* If there is no ground for setting aside a master's report on a bill to adjust partnership accounts, a decree should be entered upon it, and if otherwise, the report should be set aside, and the matters again referred to the master to state the account correctly.

APPEAL from the Circuit Court of Moultrie county; the Hon. C. B. SMITH, Judge, presiding.

Mr. ANTHONY THORNTON, for the appellant.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is not perceived upon what ground the bill in this case was dismissed by order of the court.

Curyea and defendants were partners when the bill was filed. The bill originally alleged violations of the partnership contract, and asked that the partnership be dissolved and an account taken. The term for which the partnership was to run elapsed while the trial was pending. A supplemental bill was filed, by leave, stating this fact and charging a misappropriation of partnership effects by the defendants after the suit was begun, and asking for an accounting between the partners. This and the original bill were answered, replication filed, proofs taken, the cause referred to a master, a report made, and then on a hearing the bill was dismissed. No exception appears to have been taken to the master's report. By that report there seems to have been due to complainant, as one of the partners, several thousand dollars, from one of the other partners; and divers parties who had received certain parts of the partnership goods are shown to be respectively debtors to the firm in considerable amounts.

It would seem that if there be no ground for setting aside the master's report a decree should have been entered upon it, and if otherwise, the report ought to have been set aside, and the matters referred to the master to state an account cor-

rectly between the partners. In any event, the complainant is entitled to an accounting and a decree settling the accounts and providing for the disposition of the effects of the firm. ·

The decree must be reversed, and the cause remanded for further proceedings.

*Decree reversed.*